IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DR. JOSÉ SÁNCHEZ-VILLAFAÑE,

    Plaintiff,

    v.

DEPARTMENT OF VETERAN
AFFAIRS, <u>et al.</u>,

    Defendants.

CIVIL NO. 15-2190 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendants' "Motion to Dismiss" (Docket No. 20). Plaintiff opposed (Docket No. 25), and defendants replied (Docket No. 32). For the reasons explained below, the motion to dismiss is GRANTED and the case DISMISSED.

### I. BACKGROUND

Plaintiff, Dr. José Sánchez-Villafañe, is an Urologist with the Veterans Administration Caribbean Healthcare System, Ponce Outpatients Clinic (Docket No. 1 at ¶¶ 20 and 25). He has been working for the VA as an Urologist since 1990. <u>Id.</u> at ¶ 21. In 2015, he filed an appeal with the Merit Systems Protection Board, challenging the agency's alleged decision to change his employment status from full-time to part-time on his compensation forms, as well as to decline his request to give him credit for certain accomplishments in 2012 and 2014 (Docket No. 20, Exh. 1).[1] The Board dismissed the appeal for lack of jurisdiction. <u>Id.</u> This suit followed.

---

[1] In particular, he claims that because of the unjustified change in his employment status, he was not granted an extra annual income benefit accorded to full time employees (which in 2010 equaled an extra $9,000.00) (Docket No. 1 at ¶¶ 35-38).

Doctor Sánchez contends that defendants violated his due process rights under the Fifth and Fourteenth Amendments (Docket No. 1 at ¶ 3), and requests damages in conformity with Puerto Rico's general tort statute, P.R. Laws Ann. tit. 31 §§ 5141 and 5142.[2] Defendants request dismissal for lack of subject-matter jurisdiction, claiming that doctor Sánchez' employment is governed by the Civil Service Reform Act, 5 U.S.C. § 7107, et seq., which does not provide for judicial review of the employment issues alleged in the complaint (Docket No. 20). As to the state claims, they state plaintiff failed to exhaust administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. § 2675. Id. at p. 5.

## II.   STANDARD OF REVIEW

A.   Fed.R.Civ.P. 12(b)(1)

Pursuant to Fed.R.Civ.P. 12(b)(1), a party may seek dismissal of an action for lack of subject matter jurisdiction. When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. See, Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001)). If it appears to the court at any time that subject matter jurisdiction is lacking, it must dismiss the action. Fed.R.Civ.P. 12(h)(3); McCulloch v. Vélez, 364 F.3d 1, 5 (1st Cir. 2004).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate it. Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849

---

[2] Listed as defendants are: the Department of Veteran Affairs; DeWayne Hamlin, PR Director of the DVA; Antonio Sánchez, Member 1 of the DVA Compensation Board; Jorge Rodríguez, Member 2 of the DVA Compensation Board; Marta J. Turuy, Member 3 of the DVA Compensation Board; John Hernández, Member 4 of the DVA Compensation Board; and Juan Suárez-Pesante, plaintiff's supervisor and Chief of Surgical Services for DVA. Id. at ¶¶ 10-16, respectively.

Dr. José Sánchez-Villafañe v. Department of Veterans Affairs, *et al*.
Civil No. 15-2190 (PAD)
Opinion and Order
Page 3

F.Supp.2d 240, 247 (D.P.R. 2012). The court may consider extrinsic materials in the process of evaluating a motion to dismiss under Rule 12(b)(1). Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000).

### III.   DISCUSSION

A. The Civil Service Reform Act

In 1978, Congress enacted the Civil Service Reform Act, a comprehensive system for managing the federal work force with a remedial scheme through which federal employees may challenge "prohibited personnel practices." See, 5 U.S.C. §§ 1101, 2302, 7512-7513, 7701. To that end, the CSRA "prescribes in great detail the protections and remedies applicable to such action, including the availability of administrative and judicial review." United States v. Fausto, 484 U.S. 439, 443 (1988). These protections and remedies do not, however, apply uniformly to all covered employees. Planas v. Lamoutte, 2015 WL 5568015, *5 (D.P.R. September 22, 2015) (quoting Dotson v. Griesa, 398 F.3d 156, 163 (2d. Cir.2005)).

Here, the parties do not contest that, as a physician appointed to the Veterans Administration under 38 U.S.C. § 7401(1), doctor Sánchez is an excepted service employee. That is so because, as a Veterans Administration physician, he was appointed "without regard to civil-service requirements" (id. § 7403(a)(1) and (a)(2)(A)), and is not in the "competitive service" (5 U.S.C. § 2102), which means he is part of the "excepted service" (id. at § 2103); Pathak v. Department of Veterans Affairs, 274 F.3d 28, 31-32 (1st Cir. 2001). As such, he is not entitled to CSRA's protections for competitive service employees, including the right to judicial review for an adverse personnel action. See, 5 U.S.C. §§ 7501-7504; Fausto, 484 U.S. at 445-447 (noting that chapters 43, 23, and 75 of the CSRA govern personnel action against members of the civil service, and none of them gives non-preference members of the excepted service the right to

Dr. José Sánchez-Villafañe v. Department of Veterans Affairs, *et al*.
Civil No. 15-2190 (PAD)
Opinion and Order
Page 4

judicial review for adverse personnel actions); Planas, 2015 WL 5568015 at *6 (quoting Elgin v. Dept. of Treasury, ---U.S.----, 132 S.Ct. 2126, 2133 (2012)(holding that the CSRA, which provides exclusive avenue to judicial review for federal employees, "entirely foreclose[s] judicial review to employees to whom the CSRA denies statutory review").[3]

Plaintiff seems to agree with this conclusion (Docket No. 25 at p. 6). But he argues the court should not dismiss the complaint because "there is no legal remedy in order to review the Compensation Panel's arbitrary decision" depriving him of his property without due process of law. Id. at pp. 7 and 9. Nevertheless, the CSRA provides the *exclusive* means for review of adverse personnel actions even when a plaintiff raises constitutional claims. So the deliberate exclusion from the protections of the CSRA forecloses judicial review in this case. See, Elgin, 132 S.Ct. at 2133 ("the CSRA precludes district court jurisdiction over petitioners' claims even though they are constitutional claims for equitable relief."); Planas, 2015 WL 5568015 at *7 (same). In these circumstances, it is apparent the court does not have jurisdiction over plaintiff's claims.[4]

B. Puerto Rico state law claims

Defendants ask for dismissal of the state law claims for failure to allege exhaustion of administrative remedies as required by 28 U.S.C. § 2675. The request remains unopposed. Exhaustion of administrative remedies is a jurisdictional prerequisite to prosecution of FTCA claims. See 28 U.S.C. § 2675(a); Barrett ex. rel. Estate of Barrett v. United States, 462 F.3d 28, 36

---

[3] The absence of provision for these employees to obtain judicial review has been described as a "considered congressional judgment." Fausto, 484 U.S. at 448.

[4] Although it is not clearly articulated, to the extent that plaintiff has attempted to raise a Bivens claim under the Fifth and Fourteenth Amendments, those claims are equally precluded by the CSRA. See, Planas, 2015 WL 5568015 at *7 and cases cited therein (holding that given the comprehensive statutory scheme of the CSRA, plaintiff is precluded from asserting a Bivens action against the defendants in connection with his employment-related claims, even though plaintiff was not entitled to administrative or judicial review under the CRSA); Dotson v. Griesa, 398 F.3d 156, 165-171 (2d Cir. 2005) (CRSA precludes excepted service employee from bringing Bivens action). In his response in opposition, plaintiff does not address defendants' request to dismiss any potential Bivens claim (Docket No. 25 at n.1).

Dr. José Sánchez-Villafañe v. Department of Veterans Affairs, *et al*.
Civil No. 15-2190 (PAD)
Opinion and Order
Page 5

(1st Cir. 2006)(so noting); Cotto v. United States, 993 F.2d 274, 280 (1st Cir. 1993) (same).  Given that plaintiff has failed to allege or show that he exhausted remedies, the state claims must be dismissed.

## IV.     CONCLUSION

In view of the foregoing, defendants' "Motion to Dismiss" (Docket No. 20) is granted and the case dismissed.  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of June, 2016.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO HERNANDEZ
> U.S. DISTRICT JUDGE